**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

June 16, 2008

Thomas C. Martin
Nowell Amoroso Klien Bierman, P.A.
155 Polifly Road
Hackensack, New Jersey 07601

Michael A. Haws
In Der Weidenklinge 25
69181 Leiman Germany

Christa Haws
In Der Weidenklinge 25
69181 Leiman Germany

    Re:    **Prudential Insurance Company of America v. Christene Christ, et al.**
            **No. 07-3596 (JLL)**

Dear Counsel:

    This matter is before the Court on Defendant Michael A. Haws' ("Defendant" or "Haws") motion to strike the answer of Defendant Christine Christ ("Christ"). The Court resolves this motion on the submissions of the parties, without oral argument. For the reasons set forth herein, Defendant's motion is DENIED.

**I.**    **Factual and Procedural History**

    Prudential Insurance Company of America ("Prudential" or "Plaintiff"), through the Veterans' Group Life Insurance Program ("VGLI"), a division of Prudential, issued Group Policy No. G-32000 to the Secretary of Veteran's Affairs to provide life insurance to members of the United States Armed Forces. (Compl., ¶ 7).

    On December 22, 1997, Michael G. Haws ("Decedent"), now deceased, completed an

1

application for a life insurance policy through the VGLI, presently valued at $200,000.00, wherein he named his son, Defendant Michael A. Haws ("Haws"), the primary beneficiary. (Id. at ¶¶ 7, 8.)

Approximately five years later, on September 22, 2003, Decedent completed an application to change the beneficiaries of said policy, wherein he named defendant Christene Christ ("Christ") to receive 50 percent of the VGLI benefits, Haws to receive 25 percent, and Decedent's daughter Natasha Haws to receive 25 percent. (Id. at ¶ 12.) Thereafter, on October 12, 2005, Decedent once again changed the primary beneficiary of the insurance policy, naming Christ as the primary beneficiary of <u>all</u> the VGLI benefits. (Id. at ¶ 13.)

Michael G. Haws died on April 27, 2007 "as a result of Hepstorenal [sic] Syndrome." (Id. at ¶ 9.) Following his death, Haws and defendant Christa Haws (Christa Haws, collectively with Christ and Haws, the "Defendants") submitted correspondence to Prudential contesting payment of the VGLI benefits to Christ, alleging, in part, that "at the time Decedent purported [to change] his designation to name her as primary beneficiary he was mentally incompetent." (Id. at ¶ 14.)

On August 1, 2007, Prudential filed the interpleader complaint in this matter (the "Complaint"). Prudential does not dispute that payment of the insurance benefits at issue are due in the amount of $200,000.00 plus accrued interest, but contends that Defendants have conflicting interests and "claim or may claim entitlement to conflicting amounts of benefits under the Group Policy, and have requested payment thereof." (Id. at ¶ 16.)[1]

In her answer to Plaintiff's complaint, filed on December 10, 2007 (the "Answer"), Christ denied that Decedent was mentally incompetent at the time he made her the primary beneficiary of the VGLI benefits and asserted that she has "legal and lawful entitlement to all benefits under the group policy." (Christ Answer, ¶ 7.) Haws filed a motion to strike the Answer pursuant to Rule 12(b)(5), claiming insufficient service of process. (Haws Br., ¶ 1). Haws alleges that "Christene Christ's answer was not served by defendant or her attorney and . . . [that he] reserved the right to request that the answer of defendant Christene Christ be deleted." (Id. at ¶ 2.) The motion is unopposed.

## II.    Discussion

### A.    Rule 12(b)(5) v. Rule 5

Haws asserts that the Answer must be stricken from the record because Christ did not properly serve the Answer upon him and cites Rule 12(b)(5) of the Federal Rules of Civil

---

[1] By way of consent order dated March 31, 2008, all parties agreed that Plaintiff would deposit the amount at issue together with interest into an interest-bearing Court Registry account administered by the Clerk of the Court. The same absolved Prudential of any future liability on this matter and Prudential has been terminated as party to this action.

Procedure in support of his argument. Haws confuses the requirements of Rule 12(b)(5) for service of process with the requirements of Rule 5 for service and filing of pleadings and other papers. A Rule 12(b)(5) motion is made to challenge insufficient service of process. Fed. R. Civ. P. 12(b)(5) (stating that "a party may assert the following defenses by motion . . . insufficient service of process"). As Defendant attacks the sufficiency of service for a pleading, not service of process of a complaint, Rule 5, not Rule 12, applies.

Rule 5(b)(2)(C) states, in pertinent part, that service of a pleading is deemed proper upon the pleading party "mailing it to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Here, accompanying Christ's answer is a "Proof of Service," signed by Lisa D. Rocha, certifying that service was completed "by Express Mail or other means of overnight delivery, placing a true copy thereof enclosed in a sealed envelope with postage/delivery fees prepaid, and depositing the envelope in a box or other facility regularly maintained by the express service carrier for delivery as addressed below." (Christ Answer at Proof of Service.) Thus, as Christ served Haws with the Answer in conformity with the requirements of Rule 5, Haws' motion is denied.

### B.      Rule 12(f)

While the motion is properly dismissed on the grounds above and while the purpose of the motion, not the title, guides the Court in adjudicating a motion, see Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988), because Haws is pleading *pro se*, the Court will also consider his motion under Rule 12(f), the Rule setting out the standard for a motion to strike. Haws motion likewise cannot withstand Rule 12(f).

Under the Rule, "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act either "on its own" or on a motion by a party. Fed. R. Civ. P. 12(f)(1)-(2). A party must bring a Rule 12(f) motion "either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." Garlanger v. Verbeke, 223 F. Supp. 2d 596 (D.N.J. 2002) (quoting Bristol-Myers Squibb Co. v. Ivax Corp., 77 F. Supp. 2d 606, 619 (D.N.J. 2000)). Furthermore, "[b]ecause of the drastic nature of the remedy . . . motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.' " Id. (quoting Tonka Corp. v. Rose Art Industries, Inc., 836 F. Supp. 200, 217 (D.N.J. 1993)).

Here, as no responsive pleading is required for an answer, Haws must have filed a motion to strike within twenty (20) days of being served with the pleading. Christ's answer was filed December 10, 2007. Haws' motion to strike was not filed until February 5, 2008, well past the

twenty day filing requirement of Rule 12(f).  See Heumann v. Selective Insurance Co. of America, 2006 WL 2417286, at *3 (D.N.J. August 21, 2006) (stating that "Rule 12(f) permits a motion to strike to be filed within twenty days after service of the pleading, yet Plaintiff's motion was filed on March 21, 2006, nearly one year after Defendant filed its Answer on April 21, 2005. **Consequently, Plaintiff's motion to strike is denied.**")[2]

Haws does not support his motion to strike with evidence of any redundant or immaterial defenses, but rather relies solely on his argument of insufficient service.  Thus, striking the Answer would not streamline the proceedings by eliminating redundant or immaterial defenses, but would deny Christ the right to defend against the allegations set forth in the Complaint.  Mindful that motions to strike are viewed with disfavor and because Haws' motion is untimely under Rule 12(f) and runs afoul of the purpose of said Rule, the Court denies Haws' motion.

**III.    Conclusion**

For the aforementioned reasons, the Court denies Defendant Michael A. Haws' motion to strike the answer of Defendant Christene Christ.  An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge, D.N.J.

---

[2]  Haws filed an answer to the Complaint on January 9, 2008 which included a statement that service of Christ's Answer was insufficient.  However, Haws' answer was not filed within the requisite twenty day period either and the Court will not deem the motion timely on these grounds.  See Krauss v. Keibler-Thompson Corp., 72 F.R.D. 615, 617 (D. Del. 1976) (stating that although "[t]he defendant . . . urged that the affirmative defenses this motion seeks to trike were asserted in the defendant's original answer to the complaint," because "the motion to strike was not filed until several months later . . ., the motion is not timely").